# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LAKE REGIONS PARTNERS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-04022-SRB |
| ) | |
| CREST MARINE, LLC ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Crest Marine, LLC's ("Crest") Motion to Dismiss Plaintiff Lake Region Partners d/b/a All About Boats's ("AAB") Complaint for Failure to State a Claim (Doc. #10). For the reasons set forth herein, Defendant's motion is denied.

### I. Background

Defendant Crest has moved to dismiss Plaintiff AAB's complaint. Crest manufactures boats and AAB sells boats in Missouri. Since 2011, AAB and Crest have been in a "Dealer Agreement" contract. AAB has brought the underlying action against Crest sounding in breach of contract and breach of the Missouri Marine Franchise Dealers Act ("MMFDA"). Crest moves to dismiss both claims, arguing that they fail to state claims upon which relief may be granted.

Attached to AAB's complaint is a copy of the "All About Boats Proposal for Crest Marine," signed by both parties. The proposal outlines terms of the agreement in numbered paragraphs, many of which are initialed by Crest's representative. The words "Annual Renewal" are handwritten at the bottom of the document, directly under the signature line for Crest. (Doc. #1-1). AAB has also attached a copy of a letter from Crest dated October 8, 2014 to the

complaint. The letter, in pertinent part, states that "Crest Marine has decided to discontinue its relationship with All About Boats, effective immediately." (Doc. # 1-2).

Both parties agree that AAB purchased boats from Crest. Crest argues that the transaction was not completed pursuant to the proposal cited by AAB. Instead, Crest argues that later contracts, such as the "2014 Dealer Purchase Agreement" cited by Crest but submitted by neither party, memorialized an agreement that preempts the proposal. (Defendant's Suggestions in Support at 11).

## II.   Legal Standard

In order to survive the motion to dismiss, Plaintiff's complaint must meet the standard set out in Rule 8(a), which requires that a plaintiff plead sufficient facts to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is not sufficient. Id. All factual allegations made by the plaintiff are accepted as true. Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007) (noting that legal allegations are not accepted as true). If the facts in the complaint are sufficient for the Court to draw a reasonable inference that Defendant is liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. Iqbal, 556 U.S. at 678.

To be void under the dormant Commerce Clause, a statute must enact "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." S. Dakota Farm Bureau, Inc. v. Hazeltine, 340 F.3d 583, 593 (8th Cir. 2003). "The crucial inquiry is whether the regulation at issue is basically a protectionist measure or whether it

2

can fairly be viewed as a law directed to legitimate local concerns, with effects upon interstate commerce that are only incidental." Waste Sys. Corp. v. Cnty. of Martin, Minn, 985 F.2d 1381, 1385 (8th Cir. 1993) (internal citations omitted). . "Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." U & I Sanitation v. City of Columbus, 205 F.3d 1063, 1069 (8th Cir. 2000) (quoting Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970)).

Determining the scope of the protected class in this case will require statutory interpretation. The key consideration of "any problem of statutory construction[] is the intention of the enacting body." U.S. v. N.E. Rosenblum Truck Lines, 315 U.S. 50, 53 (1942). In interpreting ambiguous statutes, the cannon applies that "the express mention of one thing implies the exclusion of another." McAlister v. Scottsdale Ins. Co., No. 1:09CV118 SNLJ, 2010 WL 3842407, at *4 (E.D. Mo. Sep. 27, 2010) (holding that this analysis only applies when the court finds ambiguity in the statute).

Both agree that Missouri contract law governs this case, citing Missouri law to support their positions. A breach of contract claim in Missouri may only succeed if a valid and enforceable contract has been formed. Smith Flooring, Inc. v. Pa. Lumbermens Mut. Ins. Co., 713 F.3d 933, 937 (8th Cir. 2013) ("Missouri law considers 'the existence and terms of a contract' to be essential elements of a breach-of-contract action."). "To determine whether a meeting of the minds has occurred and an agreement has been reached, the court looks to the intention of the parties as expressed or manifested in their words or acts." Karsch v. Carr, 807 S.W.2d 96, 99 (Mo. Ct. App. 1990). "[A] contract can be created even if all issues have not been resolved as long as the terms of the agreement are present and reasonably certain." Olson v.

3

Curators of Univ. of Missouri, 381 S.W.3d 406, 411-12 (Mo. Ct. App. 2012). When "the agreement is silent on the question of its duration, or the procedure for termination, . . . the agreement [i]s terminable at will." Bremer Associates, Inc. v. M.D. Industries, Inc., 466 F.Supp. 111, 111 (E.D. Mo. 1979).

**III.     Discussion**

Defendant Crest moves to dismiss Plaintiff AAB's Complaint asserting claims against Defendant Crest for breach of the Missouri Marine Franchise Dealers Act (Count I) and breach of contract (Count II). The Court will address both counts separately.

**a.   Count I – Breach of Missouri Marine Franchise Dealers Act**

Plaintiff AAB asserts a claim against Defendant Crest for an alleged breach of the Missouri Marine Franchise Dealers Act ("MMFDA"). Crest argues that Count I must be dismissed because (1) the MMFDA violates the dormant Commerce Clause, and (2) AAB is not a member of the class intended to be protected by the MMFDA.

Crest argues that the MMFDA does not apply to boat and marine manufacturers headquartered in Missouri, but only those headquartered elsewhere, and is therefore unconstitutional because it facially discriminates against out-of-state boat and marine manufacturers. Crest further argues if the language is not per se invalid, that the statute places an "excessive burden" on interstate commerce. AAB states the Court should avoid addressing the constitutional question in this action because Crest is a vessel manufacturer and the issue may be resolved without addressing the constitutional question.

The MMFDA purports to apply to "boat, marine, vessel, or personal watercraft manufacturer[s]." Mo. Ann. Stat. § 407.1362. The "Boat manufacturer" definition under the MMFDA excludes manufacturers "headquartered in this state and not a wholly owned subsidiary

4

of a person not headquartered in this state." Mo. Ann. Stat. § 407.1360 (2). Missouri statute defines "Marine manufacturers" under the MMFDA with an identical carve-out for in-state concerns but does not define "vessel manufacturer" or "personal watercraft manufacturer." However, the MMFDA defines "vessel" as follows:

> "every motorboat and every description of motorized watercraft, and any watercraft more than twelve feet in length which is powered by sail alone or by a combination of sail and machinery, used or capable of being used as a means of transportation on water, but not any watercraft having as the only means of propulsion a paddle or oars."

Mo. Ann. Stat. § 407.1360 (12).

"Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." U & I Sanitation v. City of Columbus, 205 F.3d 1063, 1069 (8th Cir. 2000) (quoting Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970)).

In this action, Crest asserts that it is a "Michigan-based manufacturer of vessels." (Doc. #11, pg. 5). The statutory definition of "vessel" applies even-handedly to both in-state and out-of-state vessel manufacturers and does not carve-out for in-state concerns as set forth in the definition of boat and marine manufacturers. The MMFDA as it pertains to Crest's business of manufacturing vessels is not discriminatory and, therefore, does not impose an excessive burden on Crest in relation to any local benefit.

Because the Court is able to resolve the issue without delving into the constitutionality of the MMFDA as it pertains to boat or marine manufacturers, the Court finds that the doctrine of constitutional avoidance is appropriate. See Marvin Lumber and Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 886 (8th Cir. 2000) (citing Spector Motor Servs. v. McLaughlin, 323 U.S. 101,

5

104 (1944) (discussing the applicability of the "deeply rooted doctrine that courts should avoid constitutional questions unless issue is unavoidable.").

The Court finds the MMFDA applies to Crest's business of manufacturing vessels and is applicable to this action. Accordingly, Crest's motion to dismiss Count I of Plaintiff's Complaint is denied.

### b. Count II – Breach of Contract

Defendant Crest seeks to dismiss Plaintiff AAB's claim for breach of contract arguing that the proposal does not constitute a contract because the document "fails to memorialize a meeting of the minds on the issue." Additionally, Crest claims that AAB did not sign the renewal agreement, and the 2014 agreement "ended on its own terms and was not extended for the 2015 model year." AAB argues that the court can infer a valid offer and acceptance from the conduct of the parties and that Crest's statements conflict with the assertion that Crest terminated the Agreement unilaterally, as alleged in Plaintiff's Complaint.

Crest also argues that the action is for breach of contract, and "the general rule is that punitive damages may not be recovered in breach of contract actions" under Missouri law. Peterson v. Cont'l Boiler Works, Inc., 783 S.W.2d 896, 902 (Mo. 1990). AAB claims that punitive damages may be awarded in this case because the breach falls under Chapter 407 of the Missouri statutory code, and statutes under that Chapter have been held to allow for punitive damages.

Based upon the written and oral testimony presented before the Court, the Court grants ABA leave to amend Count II of Plaintiff's Complaint. ABA shall file its amended Complaint within fourteen (14) days from the date of this Order.

6

## IV. Conclusion

Accordingly, it is hereby

**ORDERED** that Defendant Crest Marine, LLC's Motion to Dismiss Plaintiff Lake Region Partners d/b/a All About Boats's Complaint for Failure to State a Claim (Doc. #10) is DENIED; and

**ORDERED** that Plaintiff Lake Region Partners d/b/a All About Boats shall file an Amended Complaint within fourteen (14) days from the date of this Order, as set forth herein.

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: August 17, 2015